UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP CHRISTOPHER DISTIN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. ARMY, *et al.*,<br><br>Defendants. | Case No.  2:25-cv-1883-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action. The allegations in the complaint are frivolous, and I recommend that the complaint be dismissed without leave to amend. In light of the recommendation that this action be dismissed without leave to amend, I also recommend that plaintiff's application to proceed *in forma pauperis* be denied.[1]

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

---

[1] "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Reece v. Washington*, 310 F.2d 139, 140 (9th Cir. 1962).

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff brings this action against the U.S. Army and the California Department of Corrections and Rehabilitation ("CDCR"). ECF No. 1. He alleges that he has been tortured by the Army with a top-secret military laser in his cell and that CDCR has been grossly negligent by not investigating the Army. *Id.* at 3-4. Additionally, plaintiff seeks to bring a claim against an unidentified District Judge for failing to investigate the Army. *Id.* at 5.

"[T]he United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Plaintiff has the burden of showing a waiver of immunity, *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th

1  Cir. 1983) (citation omitted), and has not done so here. The claims against the CDCR are
2  similarly barred by sovereign immunity because the prison is an arm of the state. *See Howlett v.*
3  *Rose*, 496 U.S. 356, 365 (1990) (the state and arms of the state "are not subject to suit under
4  § 1983" (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989))). Even if plaintiff could
5  name a proper defendant, the allegations in the complaint are fantastical. "[A] court may dismiss
6  a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category
7  encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' As those words
8  suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of
9  the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)
10 (internal citations omitted). The allegations are factually frivolous and have been rejected by this
11 court numerous times.[2] *See Distin v. U.S. Army*, No. 1:20-cv-0860-AWI-SAB (P) (E.D. Cal.);
12 *Distin v. U.S. Army*, No. 2:23-cv-1369-WBS-AC (P) (E.D. Cal.); *Distin v. U.S. Army*, No. 2:23-
13 cv-1447-TLN-AC (P) (E.D. Cal.); *Distin v. U.S. Army*, No. 2:24-cv-1121-DAD-SCR (P) (E.D.
14 Cal.).
15     Accordingly, it is hereby ORDERED that the Clerk of Court is directed to assign a district
16 judge to this action.
17     Further, it is hereby RECOMMENDED that:
18     1. The complaint, ECF No. 1, be DISMISSED without leave to amend for failure to state
19 a claim;
20     2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, be DENIED; and
21     3. The Clerk of Court be directed to close this action.
22     These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of
24 service of these findings and recommendations, any party may file written objections with the

---

[2] The court notes that plaintiff appears to be a "Three-Striker" within the meaning of Title 28 U.S.C. § 1915(g). *See Distin v. U.S. Army*, No. 1:20-cv-0860-AWI-SAB (P) (E.D. Cal.); *Distin v. U.S. Army*, No. 2:23-cv-1369-WBS-AC (P) (E.D. Cal.); *Distin v. U.S. Army*, No. 2:23-cv-1447-TLN-AC (P) (E.D. Cal.); *Distin v. U.S. Army*, No. 2:24-cv-1121-DAD-SCR (P) (E.D. Cal.).

court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 31, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE